# CHRISTIANSON *v.* STATE TAX COMMISSION

Darst B. Atherly, Eugene, Thwing, Ferris, Atherly and Butler, Eugene, submitted a brief for plaintiff.

Carlisle B. Roberts, Assistant Attorney General, Salem, and Robert Y. Thornton, Attorney General, Salem, filed briefs for defendant.

Decision for plaintiff rendered September 25, 1964.

Peter M. Gunnar, Judge.

This is a suit to set aside defendant's opinion and order in which defendant affirmed its deficiency assessment against plaintiffs of additional income tax for the year 1961. The case is before the court on demurrer to the complaint, and a decision on the demurrer will be decisive.

Plaintiffs realized a capital gain upon the sale of real property in 1961. In that year they invested that gain in a personal residence. On their 1961 income tax return, they claimed special treatment of their capital gain under ORS 316.406 through 316.450. De-

fendant denied this treatment and assessed the additional tax in controversy.

The sole issue is whether a personal residence is a qualifying investment under ORS 316.420(1). If it is, plaintiffs are entitled to special treatment. If it is not, defendant's additional assessment must be sustained.

ORS 316.420(1) reads:

"(1) A qualifying investment under ORS 316.414 is:

"(a) Real property in Oregon.

"(b) Investment in a corporation determined to be a qualifying corporation under ORS 316.426 on the date the investment is made.

"(c) Investment in a partnership qualifying under subsection (2) of this section.

"(d) Investment as a sole proprietor in a business qualifying under subsection (3) of this section.

"(e) Mortgage on real property located in Oregon if the mortgage is for a period of three years or more.

"(f) Payments made by the taxpayer on a loan made to the taxpayer if the proceeds of the loan are invested in an investment that qualifies under paragraphs (a) to (e) of this subsection."

The arguments in favor of special treatment are:

(1) That ORS 316.420 is a definition statute defining the term of art "qualifying investment" and the legislature can define the term in any way it sees fit;

(2) That the plain meaning of the term "Real property in Oregon" includes any real property, including a personal residence;

(3) That "Real property in Oregon" is not modified by the words "Investment in", as are all the other types of "qualifying investment;"

(4) That the court cannot add words to the statute;

(5) That the bill as originally drafted and presented to the 1959 House Committee on Taxation defined "qualifying reinvestment" and did not precede any of the subparagraphs from (a) through (e) with "Investment in" and it later added "Investment in" to all but subparagraph (a);

(6) That, though exemption statutes (if this is one) are to be strictly construed, any ambiguities are to be resolved in favor of the taxpayer; and

(7) That the homebuilding industry is particularly favored in Oregon because it increases the local tax base, it consumes our number one product, lumber, and it provides jobs for Oregonians when it is conducted in Oregon.

Defendant's arguments that special treatments should not be allowed are:

(1) That personal residences are not deemed "investments" in tax statutes, where that term generally is used to mean assets acquired for profit-making purposes;

(2) Under both state and federal tax laws, personal residences are not entitled to depreciation, deductions for loss, and other business charges, and personal living expenses are generally not deductible;

(3) That the 1959 capital gains act, Oregon Laws 1959, chapter 591, speaks exclusively of profit-making investments and is intended primarily to encourage such investments in the state;

(4) That ORS 316.420 does not define "qualifying investment," but rather sets forth those investments, using the word "investment" as it is usually used in the tax law, which "qualify" under this act;

(5) That such special treatment is like an exemption from tax and should be strictly construed;

(6) That the statute itself puts the burden on the taxpayer to bring himself within the terms of the statute for special treatment; and

(7) That the legislative history indicates a concern with only investments for profit.

This case has been very ably briefed by counsel and each of the foregoing propositions standing alone has been fully supported by appropriate authority. I will not extend this opinion by a display of erudition gleaned from the briefs. The problem is not the accuracy of the arguments but their application to this statute.

█ This court may not depart from the plain meaning of the statute to construe it, unless the statute is ambiguous. Thus, the question is whether this statute is, in fact, ambiguous.

"A qualifying investment under ORS 316.414 is: (a) Real property in Oregon."

Certainly there is no patent ambiguity. Real property in Oregon has a definite legal meaning. All Oregon real property is included. Therefore, personal residences situated in this state are included. The only way to read any ambiguity into this statute is to add to the concept of real property the requirement that it be an investment because the term being defined or qualified includes the word "investment." This amounts to defining a statutorily defined phrase by its own words rather than by the statutory definition.

Assuming an ambiguity to exist, the construction aids supporting each claimed legislative intent appear

inconclusive, and the ambiguity should be resolved in the taxpayer's favor.

This court is morally certain that no ambiguity exists, that if one could be found, it should be resolved in favor of the taxpayer, and that residence real property in Oregon should be a qualifying investment under ORS 316.414. The legislature left "Investment in" out of subparagraph (a). It inserted these words in the other subparagraphs. To sustain the commission, this court must write into the statute these words which the legislature apparently omitted intentionally. This it cannot do.

A court's function is to determine what the law is and what it constitutionally can be. A court should not decide what the law should be.

> "* * * Judicial power is never exercised for the purpose of giving effect to the will of the judge; always for the purpose of giving effect to the will of the legislature; or, in other words, to the will of the law." Chief Justice John Marshall in *Osborn vs. The Bank of The United States,* 22 US (9 Wheat) 738, 836, 6 L ed 204, 234 (1824).

Our liberty and our form of democratic republic is based in a separation of the executive, legislative, and judicial powers. Under this divided authority the legislature alone has the power to determine what the law should be, limited only by the courts' powers to determine what it can constitutionally be.

> "Of all manifestations of power, restraint impresses men most." Thucydides, 471-400 B.C.

Our courts are little restrained in the exercise of their powers. Therefore they should be most self-restrained in their application. Unless a legislative intent contrary to the plain language can be ascer-

tained with moral certainty, it does not become a court to add to, or detract from, the sovereign legislature's acts. Such self-restraint should be exercised when the court is urged to defeat known legislative intent by invoking technical defects just as much as when it is urged to assume legislative intent contrary to the literal meaning of the statute.

Both courts and legislatures are human. Both are entitled to their mistakes free from the other's interference. The legislature is fully entitled to provide inconsistent consequences. It is far better prepared and constituted to determine whether it should depart from its over-all pattern in some feature than is the judge, secure and cloistered in his chambers. His isolation tends to destroy his people-orientation in favor of a growing institution-orientation. Meanwhile the legislators are still in the arena of everyday life. Their number and interests breed compromise and create the inconsistency which gives reality to public policy.

Thus, if the legislature says, as its plain language does here, that special treatment of capital gains is allowed when the gain is reinvested in any real property in Oregon and, particularly, if the legislative history shows that the profit-making investment concept was *added* to all other categories of qualifying investments except real property in Oregon, as is the case here, then this court should not construe the language to limit such reinvestment to income-producing real property. Such construction might be more consistent with other provisions. Such construction might even be better tax law. Such construction might be what the law should be. But what the law should be is not the court's province. If it invades the legislature's province, it not only encroaches on the legislature's sovereignty but also weakens its own right to inde-

pendence. The legislature has said what the law is and this court is bound by what the law is—whatever it is—so long as it is clear and constitutional.

■ Therefore, it is the court's decision that residence real property in Oregon does qualify as a qualifying investment under ORS 316.414 and defendant's assessment will be set aside.

Plaintiff shall prepare a form of decree setting aside defendant's assessment, without cost to either party.